ON MOTION FOR CLARIFICATION

KLEIN, J.
We withdraw our opinion filed on May 3, 2000, and substitute the following opinion.
Appellants appeal a final judgment finding that they violated consumer protection laws contained in Chapter 501, Florida Statutes. We affirm.
The state brought this action alleging that the appellants misled the owners of timeshare properties in order to induce them into contracting with appellant Resort Timeshares Resales, Inc. (RTR) to advertise timeshares for sale. It was alleged that RTR misled owners of timeshares into believing that it would advertise their individual properties in USA Today, when in fact RTR only placed a generic advertisement for its own listing service in USA Today. It was further alleged that RTR falsely represented to consumers that it had experienced high buyer activity in the areas where the consumer’s timeshare was located and that the timeshares would be sold within thirty to sixty days. These allegations were supported by affidavits, but were settled by the defendants, without admitting liability, when defendants agreed to refund in full payments they had received from seventy-eight customers.
The defendants were also charged with fading to furnish their consumers a notice of their right to cancel within three days as is required by rule 2-18.002 of the Florida Administrative Code. This charge was not settled, and this appeal challenges the assessment of penalties for failing to give the notice of right to cancel, as well as other issues.
We affirm on all issues raised by appellants. At least two of the issues have already been determined by this court in a prior appeal. Resort Timeshare Resales, Inc. v. Office of Atty. Gen., 718 So.2d 1253 (Fla. 4th DCA 1998). As to the arguments that the civil penalties of $50,000 against RTR, $50,000 against Lawrence Cohen, $25,000 against Judith Cohen, and $25,000 against Harriet Cohen are unconstitutional as excessive fines under Article 1, section 17 of the Florida Constitution, we disagree. There was evidence in this case that as many as 38,000 customers had been, as the trial court put it, “victimized.” RTR charged consumers $395 for its services. During the relevant time period RTR took in over $13 million in income and, for example, Lawrence Cohen was paid in excess of $300,000 annually. We do not, accordingly, find that the penalties were excessive.
*384 We have considered the remaining issues and find them to be without merit.
Affirmed.
WARNER, C.J., and TAYLOR, J., concur.